# **Appendix M**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PATRIOT NATIONAL, INC., et al.,[1] | Case No. 18-10189 (KG) |
| Debtors. | Related D.I.: 7, 12, 18, 138, 139, 140 |

### RECEIVER OF ULLICO CASUALTY COMPANY IN LIQUIDATION'S FIRST SET OF (I) REQUESTS FOR PRODUCTION AND (II) INTERROGATORIES DIRECTED TO THE DEBTORS

The Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as the Receiver (the "**Receiver**") of Ullico Casualty Company in Liquidation ("**Ullico Casualty**"), by and through undersigned counsel, hereby requests (the "**Requests**"), pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7026, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), that the above-captioned debtors and debtors in possession (the "**Debtors**") produce the documents requested and respond to the interrogatories propounded herein in connection with the Receiver's Limited Objection [D.I. 138] (the "**Receiver's Objection**") to the (i) *Debtors' Motion For Interim And Final Orders (I) Authorizing The Continued Use Of Its Existing Cash Management System, Bank Accounts and Business Forms (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (7695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate. Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

{BAY:03235634v4}   1

ULLICO-7

*Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* [D.I. 7] (the "**Cash Management Motion**"). Such production and responses shall be provided within thirty (30) calendar days from service hereof to the Receiver's counsel at the following address: Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801, Attn: GianClaudio Finizio, Esq., Evan T. Miller, Esq.

## INSTRUCTIONS

A.  These Requests are continuing in character. At such time as You receive information that makes a prior response to any request herein incomplete, inaccurate, or misleading, a supplementary production or response is required.

B.  These Requests are made without prejudice to the Receiver's right to issue further Requests, including without limitation to assert further and/or additional requests based upon the Debtors' responses and production to this first set of Requests.

C.  You are required, in responding to the Requests, to obtain and furnish all information available to You and any of Your agents, servants, representatives, or attorneys and to obtain and furnish all information that is in Your possession, custody, or control, or in the possession, custody, or control of any of Your representatives, agents, servants, or attorneys. Where exact information cannot be furnished, Your best approximation or estimation is to be supplied to the extent possible, with an express statement that You are making such an approximation or estimation. An explanation should be given as to the basis on which the approximation or estimation was made and the reason the exact information cannot be furnished.

D.  The following rules of construction apply to these Requests:

1.  The terms "all" and "each" shall each be construed to mean both "all" and "each."

2.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  The use of the singular form of any word includes the plural and vice versa.

4.  Any request propounded in the present tense shall be read as if propounded in the past tense and vice versa.

E.  Each Request that seeks information concerning communications, to, from, or within a business and/or corporate entity and/or other entity, is hereby designated to demand, and should be construed to include, all communications by and

between representatives, employees, agents, brokers, and/or servants of the business and/or corporate entity and/or other entity.

F. If You claim that information sought is privileged or otherwise non-discoverable, state fully:

1. The nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

2. For documents: (1) the type of document; (2) the subject matter of the document; (3) the date of the document; (4) the number of pages which constitute the document; and (5) such other information as is sufficient to identify the document for a request for production, including, where appropriate, the author of the document, the addressee of the document and, where not apparent, the relationship of the author and addressee to each other; and

3. For oral communications: (1) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; and (3) the general subject matter of the communication.

G. Separate answers should be accorded to every Request or part thereof.

H. If any requested document is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

1. The last known custodian;

2. Whether the document is missing or lost or was destroyed or discarded;

3. The date of loss, destruction or discard;

4. The manner of destruction or discard;

5. The reasons for destruction or discard;

6. The persons authorizing or carrying out such destruction or discard;

7. The efforts made to locate lost or misplaced documents; and

{BAY:03235634v4}   3

        8.    A statement describing the document, including a summary of its contents, the identity of its author and the persons to whom it was sent or shown.

    I.    If any documents which are no longer in existence contained information responsive to any Request, then in answer to that Request:

        1.    Identify all information contained in the documents;

        2.    Identify each type of document (e.g., letters, ledgers, etc.) which contained the information;

        3.    State the time period during which the documents were maintained;

        4.    State the circumstances under which the documents ceased to exist;

        5.    Identify all persons who have knowledge of the circumstances under which the documents ceased to exist; and

        6.    Identify all persons who have knowledge or had knowledge of the documents and their contents.

    J.    Each Request seeks information known to You, or which is contained in documents known to You, or which are in Your care, custody, or control. To the extent that any of Your responses are based upon information conveyed to You by another Person, Identify the Person who conveyed the information to You.

    K.    Unless otherwise specified, time period of these Requests is from 2009 to the present.

    L.    These Requests are continuing and if any further information or responsive documents become available to You after Your initial response You have a duty to timely supplement Your response with the new and/or additional information.

## DEFINITIONS

    A.    "2013 PATRIOT RESTRUCTURING" shall mean that November 2013 restructuring described in ¶¶ 22-28 of the RECEIVER'S CASH MANAGEMENT OBJECTION.

    B.    "ASSETS" shall have the meaning ascribed to it in the RECEIVER'S OBJECTION.

    C.    "CASH MANAGEMENT MOTION" shall have the meaning ascribed to it in the preamble.

    D.    COURT OF CHANCERY" shall have the meaning ascribed to it in

{BAY:03235634v4}     4

the RECEIVER'S OBJECTION.

E. "COLLATERAL" shall mean both or either (i) all amounts posted by policyholders of ULLICO CASUALTY to secure their obligations to reimburse ULLICO CASUALTY for amounts paid within the deductible of those policyholders' polices, regardless of whether such amounts are referred to as "collateral" or "loss funds" or otherwise; and (ii) all amounts posted by reinsurers of ULLICO CASUALTY to secure their obligations to ULLICO CASUALTY, whether such amounts are referred to as "collateral," "funds held," "funds withheld" or otherwise.

F. "COMMUNICATIONS" means and includes all oral and written communications of any nature, type, or kind.

G. "CONCERNING" means and includes concerning, constituting, describing, evidencing, involving, pertaining to, reflecting, regarding, relating to, or supporting the matter in question.

H. "DEBTORS" shall have the meaning ascribed to it in the preamble.

I. "DOCUMENT" means and includes all written, recorded, transcribed or graphic matter of any nature, type, or kind, however and by whomever produced, reproduced, disseminated, made, or stored. This includes, without limitation, electronically stored information, as well as any writing, recording, or photograph as those terms are defined in Fed. R. Evid. 1001. Any DOCUMENT that contains any comment, notation, addition, insertion, or marking of any nature, type, or kind that is not part of another DOCUMENT is to be considered a separate DOCUMENT.

J. "INSUREDS" shall mean any PERSON or entity that has or had an insurable interest in the focus of a ULLICO CASUALTY workers compensation policy.

K. "LIQUIDATION ORDER" shall have the meaning ascribed to it in the RECEIVER'S OBJECTION.

L. "MOTIONS" shall have the meaning ascribed to it in the preamble.

M. "NON-DEBTOR AFFILIATE" shall mean any entity whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the DEBTORS, or any PERSON that directly or indirectly owns, controls, or holds with power to vote more than 10% of the outstanding voting securities of the DEBTORS. "NON-DEBTOR AFFILIATE" includes but is not limited to any entity which at any time between 2009 and the present was directly or indirectly owned, controlled, or held with power to vote by: (i) Steven M. Mariano; (ii) Steven Mariano Trust; (iii) Guarantee Insurance Group, Inc.; (iv) Guarantee Insurance Company; (v) Blue Ridge Insurance Co. LLC; (vi) Guarantee Underwriters, Inc.; (vii) Patriot Underwriters, Inc.; (viii) Six Points Ventures III, LLC; or (ix) Old Guard Re, SPC.

{BAY:03235634v4}  5

N. "PATRIOT" shall have the meaning ascribed to it in the RECEIVER'S OBJECTION.

O. "PERSON" means and includes individuals, as well as corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, and government agencies, and their agents, representatives, directors (both individually and as a collective board), officers, and employees.

P. "RECEIVER" shall have the meaning ascribed to it in the RECEIVER'S OBJECTION.

Q. "RECEIVER'S OBJECTION" shall have the meaning ascribed to it in the preamble.

R. "REQUESTS" shall have the meaning ascribed to it in the preamble.

S. "RESTRICTED ACCOUNTS" shall have the meaning ascribed to it in the Cash Management Motion.

T. "TRANSFEREE" means any one of the following entities or individuals:

| Entity Name | FEIN |
|---|---|
| Carrier & Technology Solutions, Inc. | 46-2846855 |
| CompLinx Insurance Agency, Inc. | 47-4698888 |
| Contego Investigative Services, Inc. | 45-1830330 |
| Contego Recovery, LLC | 45-2665263 |
| Contego Services Group, LLC | 45-1830012 |
| Corporate Claims Management, Inc. | 43-1616760 |
| CWIBenefits, Inc. | 57-0870204 |
| Decision UR, LLC | 20-86511826 |
| Forza Lien, Inc. | 45-5577153 |
| Global HR Research, Inc. | 26-3502049 |
| InsureLinx, Inc. | 45-0580791 |
| Mehta & Pazol Consulting Svcs PVT, LTD India | |
| Old Guard Re, SPC Cayman Islands | |
| Old Guard Risk Services, Inc. | 46-4151376 |
| Patriot Audit Services, Inc. | 47-5555793 |
| Patriot Benefits Administrators, Inc. | 47-4017096 |
| Patriot Captive Management (Bahamas), Ltd. | |
| Patriot Captive Management (Cayman Islands), Ltd. | |

| | |
|---|---|
| Patriot Captive Mgmt., Inc. | 27-5462341 |
| Patriot Care Holdings, Inc. | 90-0736835 |
| Patriot Care, Inc. | 47-1443891 |
| Patriot Care Management, Inc. | 56-2232808 |
| Patriot Care Services, Inc. | 73-1665495 |
| Patriot Claim Services, Inc. | 27-4879147 |
| Patriot Legal Services, Inc. | 47-3019468 |
| Patriot National, Inc. | 46-4151376 |
| Patriot Recovery Services, Inc. | 27-4745065 |
| Patriot Risk Consultants, Inc. | 47-5050844 |
| Patriot Risk Services, Inc. | 20-3377189 |
| Patriot Services, Inc. | 32-0361695 |
| Patriot Technology Solutions, Inc. | 46-2846855 |
| Patriot Underwriters, Inc. | 46-35000059 |
| PN India Holdings Mauritius | |
| Steven M. Mariano | |
| Trigen Hospitality Group, Inc. | 47-4246557 |
| Trigen Insurance Solutions, Inc. | 20-5642501 |
| Vikaran Technology Solutions, Inc. | 47-3640535 |

U. "TRANSFEROR" means any one of the following entities or individuals:

| Entity Name | FEIN |
|---|---|
| Blue Ridge Insurance Co. LLC | 45-3456366 |
| Carrier & Technology Services, Inc. | 46-2846855 |
| CTS Underwriters, Inc. | 46-3500045 |
| Guarantee Insurance Company | 22-2222789 |
| Guarantee Insurance Group, Inc. | 73-1665490 |
| Guarantee Underwriters, Inc. | 20-5642483 |
| Old Guard Re, SPC Cayman Islands | |
| Patriot Claim Services, Inc. | 27-4879147 |
| Patriot National Ins. Group, Inc. | 73-1665490 |
| Patriot Recovery Services, Inc. | 27-4745065 |
| Patriot Underwriters, Inc. | 20-5642483 |
| Six Points Ventures III, LLC | 46-0586091 |
| Steven M. Mariano | |
| Steven Mariano Trust [Florida] | |

    V. "ULLICO CASUALTY" shall have the meaning ascribed to it in the RECEIVER'S OBJECTIONS.

    W. "YOU" and "YOUR" mean any of the Debtors, individually or together, along with any predecessor(s) in interest and any PERSON acting on the Debtors' behalf.

    X. The use of either the singular or plural in any of the Requests shall not be deemed a limitation. The use of the singular should be considered to include the plural, and vice versa.

    Y. If any electronically stored information (including deleted or fragmented data) is responsive to the Requests, please produce the electronically stored information in its native electronic format, with all attachments, all available metadata and corresponding load files.

---

{BAY:03235634v4}    8

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All DOCUMENTS and COMMUNICATIONS CONCERNING property transferred to the RESTRICTED ACCOUNTS, (i) sufficient to satisfy the accounting obligation set forth in paragraph 9 of the LIQUIDATION ORDER entered by Vice Chancellor Laster which sets forth, in pertinent part: " . . . all persons or entities holding Assets of, or on behalf of, ULLICO CASUALTY shall file with the Receiver within ten (10) calendar days of the entry of this Order an accounting of those Assets, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets;" and (ii) sufficient for the RECEIVER to determine, at the RECEIVER'S expense, whether property transferred to a RESTRICTED ACCOUNT is property of ULLICO CASUALTY.

**Response:**


**Request for Production No. 2:**

All DOCUMENTS and COMMUNICATIONS CONCERNING each transfer of property from a TRANSFEROR to a TRANSFEREE during the period 2009 through 2015.

**Response:**


**Request for Production No. 3**

All DOCUMENTS and COMMUNICATIONS CONCERNING each initial transfer of funds to each RESTRICTED ACCOUNT, intercompany or otherwise.

**Response:**


**Request for Production No. 4:**

To the extent the production provided in response to Request for Production No. 3 reveals that an initial transfer of funds to a RESTRICTED ACCOUNT was made by a TRANSFEREE, ALL DOCUMENTS and COMMUNICATIONS CONCERNING the transfer of funds to such TRANSFEREE, and all prior transfer of funds back to the initial transferor.

**Response:**

**Request for Production No. 5:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the identification of the beneficiary INSURED of each of the RESTRICTED ACCOUNTS.

**Response:**

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**

Identify any DEBTOR, NON-DEBTOR AFFILIATES, or PERSON that participated in or had any involvement with any ULLICO CASUALTY workers' compensation policies or the reinsurance of any ULLICO CASUALTY workers' compensation policies.

**Response:**


**Interrogatory No. 2:**

Identify any DEBTOR, NON-DEBTOR AFFILIATE or PERSON that handled, processed, and/or administered any aspect of the investment or management of collateral related to ULLICO CASUALTY workers' compensation policies or the reinsurance of any ULLICO CASUALTY workers' compensation policies, including payments of COLLATERAL by the INSUREDS, both prior to and after the 2013 PATRIOT RESTRUCTURING.

**Response:**


**Interrogatory No. 3:**

Identify each initial transfer of any kind to each RESTRICTED ACCOUNT, and which DEBTOR, NON-DEBTOR AFFILIATE, or PERSON authorized or effectuated the same.

**Response:**


**Interrogatory No. 4:**

Identify each and every DOCUMENT and PERSON CONCERNING YOUR answer to any interrogatory contained herein, including any and all DOCUMENTS or PERSON YOU referred to or relied upon in answering such interrogatory, and index YOUR response by the number of the interrogatory to which it pertains.

**Response:**


{BAY:03235634v4}

11

Dated: March 3, 2018  
      Wilmington, Delaware

BAYARD, P.A.

*/s/ Evan T. Miller*
Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
       gfinizio@bayardlaw.com
       emiller@bayardlaw.com

*Attorneys for The Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, as Receiver of Ullico Casualty Company in Liquidation*