# **Appendix N**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO THE RECEIVER OF ULLICO CASUALTY COMPANY IN LIQUIDATION'S FIRST SET OF (I) REQUESTS FOR PRODUCTION AND (II) INTERROGATORIES DIRECTED TO THE DEBTORS**

Pursuant Federal Rules of Civil Procedure 26, 33 and 34, made applicable to this proceeding by Bankruptcy Rules 7026, 7033, 7034 and 9014, the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, serve the following responses and objections to the *Receiver of Ullico Casualty Company in Liquidation's First Set of (i) Requests for Production and (ii) Interrogatories Directed to the Debtors* (the "Requests" and the "Interrogatories," respectively) by the Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as the Receiver (the "Receiver") of Ullico Casualty Company in Liquidation ("Ullico").

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

Each of the following General Objections, Limitations, and Reservations (the "General Objections") are incorporated into each of the specific responses and objections set forth below as if they were fully repeated in each such response. The response to any particular document request or interrogatory is not, and should not be construed as, an admission of the relevance or the admissibility into evidence of such response, or of the propriety of the particular request.

## GENERAL OBJECTIONS, LIMITATIONS, AND RESERVATIONS

1. The Debtors object to the Requests and Interrogatories to the extent they impose obligations on the Debtors greater than or beyond those actually required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Rules of this Court.

2. The Debtors object to the Requests and Interrogatories to the extent they request information, documents or materials that constitute attorney work product, or are protected by the attorney-client privilege, or any other applicable privilege or immunity. Inadvertent identification or disclosure of such information, documents, or materials shall not constitute waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive the Debtors' right to the use of any such information during any subsequent proceeding. The Debtors reserve the right to demand return of any inadvertently produced documents, without prejudice to any claim of privilege, in the event any such document is produced.

3. The Debtors object to each of the Requests and Interrogatories to the extent that they call for the production of documents or information that is subject to a confidentiality or non-disclosure agreement or that relate to or contain trade secrets, confidential, competitively, or financially sensitive business, personal, customer, or client information ("Confidential Information"). The Debtors will produce responsive, non-privileged Confidential

DOCS_DE:218849.1 69353/002

Information to otherwise non-objectionable Requests and Interrogatories only under the terms and conditions of a confidentiality stipulation and protective order providing protection acceptable to the Debtors with respect to such Confidential Information.

4. The Debtors object to the Requests and Interrogatories to the extent they seek documents or information that are not relevant to the *Debtors' Motion For Interim And Final Orders (I) Authorizing The Continued Use Of Its Existing Cash Management System, Bank Accounts and Business Forms (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* [D.I. 7] (the "Cash Management Motion") nor reasonably calculated to lead to the discovery of admissible evidence regarding the relief sought therein (collectively, "Irrelevant Information")

5. The Debtors object to the Requests and Interrogatories to the extent they call for documents or information not in the Debtors' possession, custody, or control within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

6. The Debtors object to the Requests and Interrogatories to the extent they call for the Debtors to investigate and provide documents or information that the Receiver already has in his possession, custody, or control.

7. The Debtors object to the Requests and Interrogatories to the extent they seek documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive.

8. The Debtors object to the Requests and Interrogatories to the extent they seek electronically stored information from sources not reasonably accessible because of undue burden or cost.

9. The Debtors object to the Requests and Interrogatories to the extent that they impose burdens on the Debtors that are not proportional to the needs of the case within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

10. The Debtors object to the Requests and Interrogatories to the extent that they are overly broad, unduly burdensome, and impose substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. In response to all Requests and Interrogatories, in the event documents will be produced and to the extent non-objectionable, the Debtors will conduct a reasonable search, utilizing a reasonable cost-efficient methodology, of both hard copy and electronic data likely to identify responsive material.

11. The Debtors object to the Requests and Interrogatories to the extent that they are vague, ambiguous, unintelligible, or otherwise unclear as to the precise documents or information sought.

12. The Debtors object to the Requests and Interrogatories to the extent that they are unreasonably cumulative or duplicative.

13. In making these responses and objections to the Requests and Interrogatories, the Debtors do not in any way waive or intend to waive, but rather intend to preserve and are preserving:

    a. all objections as to competence, relevance, materiality, and admissibility into evidence of any of the Debtors' objections, responses, information, or documents provided in response to the Requests and Interrogatories, or the subject matter thereof;

    b. all objections to vagueness, ambiguity, and undue burden;

   c. all rights to object on any ground to the use in this or any other subsequent proceeding, including the trial of this and any other actions, any of the Debtors' objections, responses, information, or documents provided in response to the Requests and Interrogatories, or the subject matter thereof; and

   d. all rights to object on any ground to any Request or Interrogatory for further responses to these or any other requests for documents, or to other discovery requests involving or related to the subject matter of the Requests or Interrogatories.

  14. The Debtors reserve the right to amend these responses and to raise any additional objections as necessary and appropriate.

### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

  The foregoing General Objections are specifically incorporated as if set forth verbatim in each of the following responses. Any specific response to any individual Request that the Debtors make herein or hereafter is submitted without prejudice to and without in any respect waiving any General Objections.

Request for Production No. 1:

  *All DOCUMENTS and COMMUNICATIONS CONCERNING property transferred to the RESTRICTED ACCOUNTS, (i) sufficient to satisfy the accounting obligation set forth in paragraph 9 of the LIQUIDATION ORDER entered by Vice Chancellor Laster which sets forth, in pertinent part: " . . . all persons or entities holding Assets of, or on behalf of, ULLICO CASUALTY shall file with the Receiver within ten (10) calendar days of the entry of this Order an accounting of those Assets, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets;" and (ii) sufficient for the RECEIVER to determine, at the RECEIVER'S expense, whether property transferred to a RESTRICTED ACCOUNT is property of ULLICO CASUALTY.*

Response:

  The Debtors object to this Request on grounds that it seeks Irrelevant Information insofar as the relief sought in the Debtors' Cash Management Motion does not concern the Liquidation Order entered by Vice Chancellor Laster. This Request has no bearing on the Cash

DOCS_DE:218849.1 69353/002

Management Motion. The Debtors further object to this Request to the extent that it calls for documents or other materials not in the Debtors' possession, custody or control. The Debtors further object to this request to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to the Request to the extent it seeks documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors further object to this Request to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. Subject to and without waiving the foregoing objection, the Debtors have previously provided a presentation summarizing the Debtors' findings with respect to Ullico and a schedule listing all of the Debtors' bank accounts, and will produce portions of the January 2018 and February 2018 statements for each account with a balance of over $500,000 (the "<u>2018 Bank Statements</u>"). The 2018 Bank Statements demonstrate that there are no assets in those bank accounts that are traceable to the Ullico assets that are the subject of this Request. Subject to and without waiving the foregoing objections, the Debtors will also produce a list of twelve (12) bank accounts that were potentially utilized in conducting business with Ullico, eleven (11) of which are, upon information and belief, owned and operated by non-Debtor Guarantee Insurance Company, and bank statements in the Debtors' possession, custody or control with respect to the one non-Guarantee Insurance Company account identified.

<u>Request for Production No. 2</u>:

  *All DOCUMENTS and COMMUNICATIONS CONCERNING each transfer of property from a TRANSFEROR to a TRANSFEREE during the period 2009 through 2015.*

DOCS_DE:218849.1 69353/002

Response:

The Debtors object to this Request on grounds that it seeks Irrelevant Information insofar as the Debtors' Cash Management Motion does not seek relief with respect to transfers of property for the period 2009 through 2015. This Request has no bearing on the Cash Management Motion. The Debtors further object to this Request to the extent that it calls for documents or other materials not in the Debtors' possession, custody or control. The Debtors further object to this request to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to the Request to the extent it seeks documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors further object to this Request to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors have previously produced an index of the records that they understand are in the possession of Iron Mountain Inc. for the benefit of the Florida Department of Financial Services as Receiver of Guarantee Insurance Company. The Debtors have previously provided a presentation summarizing the Debtors' findings with respect to Ullico, and will produce bank statements in the Debtors' possession, custody or control with respect to the one non-Guarantee Insurance Company account identified in the foregoing Response to Request for Production No. 1 above. The Debtors will not produce additional documents with respect to this Request.

Request for Production No. 3:

*All DOCUMENTS and COMMUNICATIONS CONCERNING each initial transfer of funds to each RESTRICTED ACCOUNT, intercompany or otherwise.*

DOCS_DE:218849.1 69353/002

Response:

The Debtors object to this Request on grounds that it seeks Irrelevant Information insofar as the Debtors' Cash Management Motion does not seek relief with respect to the initial transfer of funds to the Restricted Accounts. This Request has no bearing on the Cash Management Motion. The Debtors further object to this Request to the extent that it calls for documents or other materials not in the Debtors' possession, custody or control. The Debtors further object to this request to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to the Request to the extent it seeks documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors further object to this Request to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors will not produce additional documents with respect to this Request.

Request for Production No. 4:

*To the extent the production provided in response to Request for Production No. 3 reveals that an initial transfer of funds to a RESTRICTED ACCOUNT was made by a TRANSFEREE, ALL DOCUMENTS and COMMUNICATIONS CONCERNING the transfer of funds to such TRANSFEREE, and all prior transfer of funds back to the initial transferor.*

Response:

The Debtors object to this Request on grounds that it seeks Irrelevant Information insofar as the Debtors' Cash Management Motion does not seek relief with respect to the initial transfer of funds to the Restricted Accounts. This Request has no bearing on the Cash Management Motion. The Debtors further object to this Request to the extent that it calls for documents and other material not in the Debtors' possession, custody or control. The Debtors

DOCS_DE:218849.1 69353/002

further object to this request to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to the Request to the extent it seeks documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors further object to this Request to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors will not produce additional documents with respect to this Request.

Request for Production No. 5:

*All DOCUMENTS and COMMUNICATIONS CONCERNING the identification of the beneficiary INSURED of each of the RESTRICTED ACCOUNTS.*

Response:

The Debtors object to this Request on grounds that it seeks Irrelevant Information. This Request has no bearing on the Cash Management Motion. The Debtors further object to this Request to the extent that it calls for documents and other material not in the Debtors' possession, custody or control. The Debtors further object to this request to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to the Request to the extent it seeks documents or information that is obtainable from another source that is more convenient, less burdensome, or less expensive. The Debtors further object to this Request to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors will not produce additional documents with respect to this Request.

DOCS_DE:218849.1 69353/002

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

The foregoing General Objections are specifically incorporated as if set forth verbatim in each of the following responses. Any specific response to any individual Interrogatory that the Debtors make herein or hereafter is submitted without prejudice to and without in any respect waiving any of the General Objections.

Interrogatory No. 1:

*Identify any DEBTOR, NON-DEBTOR AFFILIATES, or PERSON that participated in or had any involvement with any ULLICO CASUALTY workers' compensation policies or the reinsurance of any ULLICO CASUALTY workers' compensation policies.*

Response:

The Debtors object to this Interrogatory on the basis that it seeks only Irrelevant Information that is unrelated to the relief sought by the Debtors in the Cash Management Motion. The Debtors object to this Interrogatory on the basis that it seeks information beyond the scope required by Rule 33(a) of the Federal Rules of Civil Procedure. The Debtors further object to this Interrogatory to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to this Interrogatory to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors further object to this Interrogatory to the extent it is vague and ambiguous.

Interrogatory No. 2:

*Identify any DEBTOR, NON-DEBTOR AFFILIATE or PERSON that handled, processed, and/or administered any aspect of the investment or management of collateral related to ULLICO CASUALTY workers' compensation policies or the reinsurance of any ULLICO CASUALTY workers' compensation policies, including payments of COLLATERAL by the INSUREDS, both prior to and after the 2013 PATRIOT RESTRUCTURING.*

Response:

The Debtors object to this Interrogatory on the basis that it seeks only Irrelevant Information that is unrelated to the relief sought by the Debtors in the Cash Management Motion. The Debtors further object to this Interrogatory to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to this Interrogatory to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors further object to this Interrogatory to the extent it is vague and ambiguous.

Interrogatory No. 3:

*Identify each initial transfer of any kind to each RESTRICTED ACCOUNT, and which DEBTOR, NON-DEBTOR AFFILIATE, or PERSON authorized or effectuated the same.*

Response:

The Debtors object to this Interrogatory on the basis that it seeks only Irrelevant Information that is unrelated to the relief sought by the Debtors in the Cash Management Motion. The Debtors further object to this Interrogatory to the extent that it imposes substantial, unjustifiable, and significant discovery costs and search burdens on the Debtors. The Debtors further object to this Interrogatory to the extent it calls for privileged, protected, or immune information or documents, including without limitation information or documents protected from disclosure by the attorney-client privilege or work-product doctrine, or Confidential Information. The Debtors further object to this Interrogatory to the extent it is vague and ambiguous.

Interrogatory No. 4:

*Identify each and every DOCUMENT and PERSON CONCERNING YOUR answer to any interrogatory contained herein, including any and all DOCUMENTS or PERSON YOU referred to or relied upon in answering such interrogatory, and index YOUR response by the number of the interrogatory to which it pertains.*

DOCS_DE:218849.1 69353/002

Response:

      As the prior interrogatories are improper pursuant to Rule 33(a)(2) of Federal Rule of Civil Procedure, the Debtors did not make reference to factual materials in answering them. The Debtors further object to this Interrogatory to the extent it is vague and ambiguous.

Dated: April 4, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Jacob Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com
      jacob.gartman@hugheshubbard.com

*Counsel for the Debtors*